# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

DENNIS B.,                                        Case No. 20-CV-515 (NEB/HB)

          Plaintiff,

v.                                                ORDER ACCEPTING REPORT AND
                                                        RECOMMENDATION

ANDREW SAUL, Commissioner of Social
Security,

          Defendant.

Plaintiff Dennis B. brought this action after the Commissioner of Social Security, Andrew Saul, denied his application for disability benefits, asking the Court to reverse the Commissioner's final decision for an award of benefits or remand for further proceedings. (ECF No. 1.) The parties filed cross-motions for summary judgment. (ECF Nos. 16, 18.) In a January 28, 2021 Report and Recommendation, United States Magistrate Judge Hildy Bowbeer recommends denying Plaintiff's motion for summary judgment and granting Commissioner Saul's motion for summary judgment. (ECF No. 20 ("R&R") at 22.) Plaintiff filed an objection to the R&R, so the Court conducts a *de novo* review of the portions of the R&R to which he objects. (ECF No. 21 ("Obj.")); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). The Commissioner filed no response to Plaintiff's objection. (ECF No. 22.) For the reasons that follow, the Court overrules Plaintiff's objection, accepts the R&R, and dismisses Plaintiff's Complaint with prejudice.

## ANALYSIS

The R&R sets forth the facts of the case,[1] and the Court need not repeat them here. (R&R at 1–11.) Plaintiff argues that Judge Bowbeer erred in five respects by: (1) concluding that the Administrative Law Judge ("ALJ") hearing Plaintiff's case was not required to obtain Plaintiff's medical records from the year he lived in Michigan; (2) determining that there were only a few occasions when Plaintiff's failure to take his medicine was due to an inability to pay; (3) concluding that Plaintiff did not carry his burden to demonstrate that he had sought or refused financial assistance for obtaining his seizure medication; (4) discounting certain evidence from Plaintiff's mother; and (5) concluding that Plaintiff failed to comply with his medication directives.

### I.    Standard of Review

In reviewing an ALJ's decision to deny disability benefits, the Court must affirm if "substantial evidence in the record as a whole supports the ALJ's decision." *Lawson v. Colvin*, 807 F.3d 962, 964 (8th Cir. 2015). Substantial evidence is less than a preponderance of the evidence, but "enough that a reasonable mind would find it adequate to support the [ALJ's] conclusion." *Id.* (quotations omitted). This standard is "not high" and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quotation omitted). The

---

[1] Plaintiff does not specifically object to Judge Bowbeer's factual findings, only her legal conclusions.

Court may not reverse the ALJ's decision simply because substantial evidence in the record supports a contrary outcome or because it would have decided the case differently. *Brown v. Barnhart*, 390 F.3d 535, 538 (8th Cir. 2004). So long as the ALJ's decision "falls within the available zone of choice," the Court will affirm. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011) (citation omitted). Therefore, if the Court's review of the record supports two possible, but inconsistent, conclusions, and one of those conclusions represents the ALJ's findings, the Court must affirm the ALJ's decision. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015).

The claimant has the burden to prove his disability. *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995). To carry this burden, he must show that he cannot, by reason of the asserted disability, "engage in any substantial gainful activity" that lasts or is expected to last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The disability, not merely the impairment, must last for at least 12 months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993) (citation omitted).

## II.    Missing Hospital Records

Plaintiff argues that the ALJ erred in not compelling production of his medical records from a hospital in Michigan, arguing that the ALJ therefore failed to fully develop the record as required. (Obj. at 2–3.)

In a social security proceeding, the ALJ has an independent obligation to "develop the record fairly and fully, independent of the claimant's burden to press his case." *Snead*

3

*v. Barnhart*, 360 F.3d 834, 838 (8th Cir. 2004) (citation omitted). This obligation exists even

when the claimant has counsel. *Id.* Once an ALJ becomes aware of a "crucial issue," the

ALJ must take "steps to develop the record sufficiently to determine" whether certain

evidence "deserve[s] controlling weight." *Id.* at 839. Although the ALJ has an obligation

to develop the record, she need not "seek additional clarifying statements from a treating

physician unless a crucial issue is underdeveloped." *Stormo v. Barnhart*, 377 F.3d 801, 806

(8th Cir. 2004) (citation omitted). And an ALJ does not have to obtain further medical

evidence "so long as other evidence in the record provides a sufficient basis for the ALJ's

decision." *Hilliard v. Saul*, 964 F.3d 759, 763 (8th Cir. 2020) (quotation omitted). Regardless

of the ALJ's obligation, "the burden of persuasion to prove disability" remains on the

claimant. *Vossen v. Astrue*, 612 F.3d 1011, 1016 (8th Cir. 2010) (citing *Stormo*, 377 F.3d at

806).

      The R&R concludes that no "crucial issue is undeveloped here" and Plaintiff does

not challenge that conclusion. (R&R at 13; *see* Obj. at 2–3.) With no "crucial issue"

undeveloped, the ALJ did not need to inquire further. *Snead*, 360 F.3d at 839; *Stormo*, 377

F.3d at 806. The ALJ properly concluded that additional inquiry into the records at issue

was unnecessary.[2]

---

[2] Plaintiff also raises the issue of these missing medical records in connection with other
arguments. (Obj. at 3, 5.) These arguments fail because the ALJ's determination was
correct.

III.    **Ability to Pay**

Plaintiff asserts that the "R&R is plainly erroneous in concluding that the claimant's records reflect only 'two or three occasions'" of Plaintiff's inability to pay for medication. (Obj. at 3 (citing R&R at 16).) According to Plaintiff, the record contains many more instances of an inability to afford his medication. The record does contain evidence that Plaintiff's failure to take his medication was due to financial constraints. (*E.g.,* ECF No. 15 ("R.") at 16, 367, 418.) The ALJ and the R&R examined Plaintiff's evidence of inability to pay in detail, (R&R at 15–16), and substantial evidence in the record as a whole supports the ALJ's conclusion that Plaintiff's failure to take his medicine did not result from an inability to pay for his medication. *Lawson*, 807 F.3d at 964. The ALJ's decision fell "within the available zone of choice," so the Court affirms. *Buckner*, 646 F.3d at 556.

IV.    **Burden of Production**

A claimant's failure to comply with medical advice—for example, failing to take prescribed medication—can be excused if: (1) the individual would otherwise be entitled to disability benefits; (2) there is evidence that the claimant's physicians prescribed treatment for the impairment forming the basis of the disability; (3) the claimant did not follow the treatment prescribed; and (4) the prescribed treatment, if followed, would be expected to restore the claimant's ability to engage in substantial gainful activity; but (5) there was good cause for failing to comply with the prescribed treatment. SSR 18-3P, 83 Fed. Reg. 49616, 49617 (Oct. 2, 2018) ("SSR 18-3P"). One example of "good cause" is an

inability to afford the claimant's prescribed treatment, assuming he is willing to accept the treatment and "for which affordable or free community resources are unavailable." *Id.* at 49618. If the claimant can obtain free or subsidized health care, he must "demonstrate why he . . . does not have health insurance" that covers the treatment or why he "failed to obtain" that treatment. *Id.*

Plaintiff takes exception with the R&R's determination that he failed to carry his burden of production on the issue of applying for financial assistance for his medication. (Obj. at 3.) In Plaintiff's view, the R&R erroneously presumed that financial assistance was available to Plaintiff that he declined to obtain when there is no evidence that such services were available—that "unless the record reflects that one or more such options exists, and each was declined, the claimant has not failed to meet his burden to show financial limitation related to medical noncompliance." (*Id.* at 3.) So, Plaintiff believes that the ALJ should have obtained the missing hospital records to assess the issue.

But this confuses Plaintiff's burden. It is a social security claimant's burden to prove disability, not the ALJ's. *Vossen*, 612 F.3d at 1016. Although an ALJ may have an obligation to seek out further evidence on an undeveloped issue, the burden remains with the claimant. *Id.* Plaintiff has not produced any evidence that he applied for free or subsidized medication despite his financial constraints, nor has he demonstrated why he failed to do so. *See* SSR 18-3P at 49618 (detailing the good cause exception). And the record also demonstrates that Plaintiff has spent money that could well have gone to pay for his

6

medications on tobacco and possibly controlled substances. (R. at 346–48, 368 (noting that Plaintiff occasionally drinks alcohol, smokes approximately 1-1/2 packs of cigarettes per day, and that he tested positive for THC, cocaine, and barbiturates)); *Riggins v. Apfel*, 177 F.3d 689, 693 (8th Cir. 1999) (noting that "there is no evidence to suggest that he sought any treatment offered to indigents or chose to forgo smoking three packs of cigarettes a day to help finance pain medication").[3]

Plaintiff has not brought forth any evidence that he applied for free or subsidized medical care and therefore cannot show good cause to have failed to comply with his prescribed treatment. The ALJ did not err in concluding that Plaintiff failed to carry his burden of production.

### V.     Evidence from Plaintiff's Mother

Plaintiff next objects to the R&R's determination that evidence from Plaintiff's mother merited little weight in resolving his case.[4] According to Plaintiff, the ALJ and

---

[3] Although Plaintiff faults the R&R for relying on *Riggins*, asserting that the law has changed since the case was decided, he provides no authority for how the law has changed or why, as a result, the Court may depart from established Eighth Circuit precedent. (Obj. at 4.)

[4] Plaintiff specifically points out that his mother completed only two seizure questionnaires, not three as the ALJ and R&R stated. (Obj. at 5 & n.1.) The three documents in question are 5E (R. at 246–47), 10E (*id.* at 280–82), and 11E (*id.* at 283–84). The confusion may stem from the fact that document 5E is a seizure questionnaire that Plaintiff filled out identifying his mother as having witnessed one of his seizures, but Plaintiff signed. (*Id.* at 245–47.) Document 10E appears to be a very similar form listing Plaintiff's mother as a witness, but it is signed by Plaintiff and his mother. (*Id.* at 281–82.)

R&R improperly discredited Plaintiff's mother's testimony because she inconsistently reported the frequency of his seizures and did not account for his failure to comply with prescribed treatment. (Obj. at 5.) "Read fairly," Plaintiff argues, his mother's testimony was not inconsistent, and therefore should have been given greater weight. (*Id.* at 6.)

But even assuming that Plaintiff is correct and the ALJ should have afforded Plaintiff's mother's evidence greater weight, the weight of some evidence, alone, is insufficient to reverse the ALJ's decision. *Lawson*, 807 F.3d at 964. The Court may not reverse the ALJ's decision simply because substantial evidence in the record supports a contrary outcome or because it would have decided the case differently. *Brown*, 390 F.3d at 538. The evidence in the record supporting the ALJ's conclusion includes medical records that show Plaintiff did not have the symptoms that would require him to miss days of work following seizures, (*see* R. at 345, 347, 363, 365, 368–69, 371, 375, 377, 380, 382, 389, 477 (describing Plaintiff's condition post-seizure)), as well as evidence that Plaintiff ran out of medication through failing to obtain a primary care physician, rather than an inability to afford it. (*E.g.*, R. at 375, 379.)

The ALJ's decision here "falls within the available zone of choice." *Buckner*, 646 F.3d at 556. The Court affirms.

---

Regardless of who authored document 5E, substantial evidence in the record as a whole supports the ALJ's decision.

### VI.    Medication Non-Compliance

Finally, Plaintiff argues that the R&R is contradictory on the issue of his non-compliance with his prescriptions. According to Plaintiff, the R&R's conclusions that Plaintiff's financial limitations only appeared a "few" times and that his seizures "occurred almost invariably" while not taking his medication are contradictory. (Obj. at 6–7.) Plaintiff faults the R&R for failing to recognize the frequency with which he was unable to afford his medication and for ignoring evidence that his seizures occurred both while he was on his medication and while he was not. (*Id.* at 7.)

This argument fails for two reasons. First, as described above, substantial evidence in the record as a whole supports the ALJ's conclusion that Plaintiff's noncompliance was primarily due not to an inability to afford his medication, but to a failure to follow medical advice and to obtain a primary care physician to fill his prescriptions. *See supra* Parts II–IV. Accordingly, the R&R's conclusion that Plaintiff's seizures primarily occurred when he was noncompliant is not contradictory. Second, to the extent that Plaintiff argues that he has met a separate financial good cause standard to excuse his noncompliance, he has, again, presented no evidence that he attempted to obtain medical care at no or subsidized cost and therefore has not borne his burden to demonstrate good cause.

The ALJ did not err in determining that Plaintiff did not establish good cause for his noncompliance.

The parties do not object to any other aspect of the R&R. When no party has objected, the Court reviews the remainder of the R&R for clear error. Fed. R. Civ. P. 72(b); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996). Having reviewed the portions of the R&R to which the parties do not object, the Court finds no clear error.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.    Plaintiff's Objections (ECF No. 21) are OVERRULED;

2.    Plaintiff's Motion for Summary Judgment (ECF No. 16) is DENIED;

3.    Defendant's Motion for Summary Judgment (ECF No. 18) is GRANTED; and

4.    Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: March 25, 2021                              BY THE COURT:

                                                  s/Nancy E. Brasel
                                                  Nancy E. Brasel
                                                  United States District Judge